UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH BROWN  Plaintiff  vs.  CRA COLLECTIONS, INC.  Defendant | Case Number  CIVIL COMPLAINT  JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Rudolph Brown, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Robert Hibbard, (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue is proper in that Defendant maintains a primary place of business in this district.

## III.   PARTIES

4. Plaintiff, Rudolph Brown is an adult natural person residing at 1381 McKee Road, Dover, DE 19904. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, CRA Collections, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt in this Commonwealth, with a principal place of business located at 1150 Lancaster Boulevard, Suite 210, Mechanicsburg, PA 17055-4495.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. Starting in or about July 2010, Plaintiff has received countless phone calls from agents of Defendant attempting to reach persons who cannot be found at Plaintiffs residence.

8. Defendant's calls are made from a private telephone number and are automated in nature.

9. Defendant's automated calls implore the recipient to press "3" on the keypad if you would like to speak with an agent.

10. On many occasions, Plaintiff has pressed "3" to be transferred to an agent of Defendant who proceeds to ask for "Eldrige."

11. On other occasions, Defendant's agents ask for "Bertha Coplan."

12. During some calls, agents of Defendant have told Plaintiff they are attempting to collect a debt and that the total amount owed is $9,000.

13. Plaintiff has explained to Defendant's agents many times that he does not know the callers they are asking for.

14. Plaintiff has asked Defendant's agents to cease calling his home on countless occasions.

15. Plaintiff is consistently told by agents of Defendant that his name will be removed from their calling list, but the calls have not ceased as of the filing of this complaint.

16. The nature of Plaintiff's employment requires him to work night hours that lead to a schedule where nearly all of Defendant's incoming calls take place while Plaintiff is sleeping.

17. As such, Defendant's unwarranted contact is extremely intrusive and disruptive to Plaintiff and his personal life.

18. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions

within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 AM or 9:00 PM

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against CRA Collections, Inc. for the following:

a.  Actual damages;

d.  Statutory damages pursuant to 15 U.S.C. §1692k;

c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  October 18, 2010

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff